IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LYLE WILLIAMS,

Plaintiff,

vs.

OWNERS INSURANCE COMPANY, an Ohio corporation,

Defendant.

_____

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**
_____

TO:    PLAINTIFF AND ITS ATTORNEYS OF RECORD:
       Jonathan Stein, Esq.
       The Paul Wilkinson Law Firm
       3900 E. Mexico, Suite 500
       Denver CO  80210

TO:    THE HONORABLE DOLORES MALLARD
       DISTRICT COURT, BOULDER COUNTY
       STATE OF COLORADO, DIVISION 3
       1777 6th Street
       Boulder, Colorado 80302

PLEASE TAKE NOTICE that the Defendant herein, Owners Insurance Company,

("Owners"), by and through its attorneys, Karen H. Wheeler, Kathryn E. Cobb and Jeffrey H.

Boxer of Levy • Wheeler • Waters, Professional Corporation, hereby file this Notice of Removal

to the United States District Court for the District of Colorado of the action brought by Plaintiff

Lyle Williams against Owners in Boulder District Court, Colorado, case number

2015CV030146, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  As grounds therefor Defendant

states as follows:

1.       On February 11, 2015, a Complaint and Civil Case Cover Sheet were filed in case number 2015CV30146, in the District Court of Boulder County, State of Colorado,  by Plaintiff, Lyle Williams.  *See* **Exhibit A,** District Court Civil (CV) Cover Sheet for Initial Pleading of Complaint Counter-Claim or Third-Party Complaint and **Exhibit B,** Complaint. Defendant Owners Insurance Company was served on February 12, 2015. **Exhibit C,** Return of Service, Owners Insurance Company. On February 17, 2015, both the Return of Service and Summons For Defendant Owners Insurance Company were filed.

2.       Removal is due thirty days after February 12, 2015, which would be no later than March 14, 2015.  Defendants' notice of removal is therefore timely pursuant to 28 U.S.C. §1441, *et seq*.

3.       Any civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4.       This action is removable because the United States District Court for the District of Colorado has original diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a).

5.       As discussed below, the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

6.       Mr. Lyle is a citizen of Colorado. *See* **Exhibit B**  ¶ 8.

7.       "For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

8.      Owners is an Ohio corporation and its principal place of business is in Lima, Ohio. *See* Articles of Incorporation of Owners (and Related Documents), a copy of which is attached hereto as **Exhibit E**.

9.      A corporation is "deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

10.     Because Mr. Williams is a citizen of Colorado and Owners is a citizen of Ohio, the parties are citizens of different states pursuant to 28 U.S.C. § 1332(c)(1).

11.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, as reflected by Mr. Williams's filings and other information. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

12.     "[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

13.     Accordingly, Plaintiff is clearly estimating the value of his claim to be in excess of the jurisdictional threshold of $75,000.00.

14.     Plaintiff asserts the following claims in her Complaint: Breach of Contract, Underinsured Motorist Coverage pursuant to C.R.S. §§ 10-3-1104(1)(h). **Exhibit B.**

15.     In Plaintiff's Third Claim for Relief, the statutory claim pursuant to C.R.S. §§ 10-3-1116(1), Plaintiff also alleges entitlement to "attorney fees and two times the covered benefit(in addition to the benefit itself)." **Exhibit B** at 8, ¶ 73.

16.     The policy at issue is Policy # 47-826-905-00, which has limits of liability coverage

for bodily injury of $250,000/person and $500,000/occurrence. A true and correct copy of the

Declarations Pages for Policy # 47-826-905-00, with premium amounts redacted is attached hereto

as **Exhibit F.**

17.     In addition, Mr. Williams has represented, through his counsel, that he is seeking a

"monetary judgment over $100,000[,]" exclusive of interest and costs. *See* **Exhibit D** at 2, ¶ 3.

While a civil cover sheet, standing alone, may not be dispositive on the issue of amount in

controversy (at least under 28 U.S.C. § 1446 as it existed prior to the amendments to the statute

that became effective in early 2012), it may be considered. *See Baker v. Sears Holding Corp.*, 557

F.Supp.2d 1208, 1214-15 (D.Colo. 2007); *see also Fleming v. USAA Casualty Ins. Co.*, 2012 WL

652776 at *2 (D.Colo. February 29, 2012)(unpublished).[1]

18.     Because the parties are citizens of different states and the amount in controversy

exceeds the sum of $75,000.00, the district court has original jurisdiction over this matter pursuant

to 28 U.S.C. § 1332(a)(1).

19.     This action is pending in Boulder County District Court, State of Colorado, which is

embraced by the United States District Court for the District of Colorado. *See* **Exhibit D**; *see also*

Fed. R. Evid. 201(b)(1)-(2).

20.     Accordingly, this action is removable from Boulder County District Court to this

Court pursuant to 28 U.S.C. § 1441(a).

---

[1]  The holding in *Baker* was premised, in part, on the following finding: "Because [a civil cover sheet] is not a pleading, it is not subject to the requirement that the signer investigate the factual or legal allegations prior to assertion." *Baker*, 557 F.Supp.2d at1214-15. Under C.R.C.P. 7, "[t]he rules applicable to captions, signing and other matters of form of pleadings apply to all motions and other papers provided for by these rules." C.R.C.P. 7(b)(2). A division of the Colorado Court of Appeals considered C.R.C.P. 7(b)(2) in evaluating whether C.R.C.P. 11 applied to a response and found as follows: "…an attorney or litigant who signs a motion or other paper has the same obligation as the signer of a pleading to ensure that the document is factually and legally justified." *Jensen v. Matthews-Price*, 845 P.2d 542, 543-44 (Colo.App. 1992), *citing* 5 C. Wright & A. Miller, *Federal Practice & Procedure* §§ 1991 & 1332 (1969).

21.     Pursuant to 28 U.S.C. §§ 1441 and 1446, Owners hereby gives notice of removal of the action pending against it in Boulder County District Court, Colorado, case number 2015CV30146, to the United States District Court for the District of Colorado.

22.     Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings served in this action are attached to this Notice of Removal as **Exhibits A-F**, and include:

    A.    District Court Civil (CV) Cover Sheet for Initial Pleading of Complaint, Counter-Claim or Third-Party Complaint;
    B.    Complaint;
    C.    Return of Service, Owners Insurance Company 2-12-2015;
    D.    Summons;
    E.    Articles of Incorporation;
    F.    Declaration page of the Insurance Policy.

WHEREFORE, Defendant, Owners Insurance Company, respectfully requests by this Notice, that case number 2015CV30146 pending in the District Court of Boulder County, State of Colorado, be removed to the United States District Court for the District of Colorado.

DATED this 4th day of March, 2015.

Respectfully submitted,

s/   *Karen H. Wheeler*
Karen H. Wheeler
Kathryn E. Cobb
Jeffrey H. Boxer

LEVY•WHEELER•WATERS, P.C.
6400 S. Fiddlers Green Circle, Suite 900
Greenwood Village, Colorado 80111
Telephone:     (303) 796-2900
Facsimile:     (303) 796-2081
kwheeler@lwwlaw.com
kcobb@lwwlaw.com
JBoxer@lwwlaw.com

Plaintiff's Address:

2325 N. Cole Street
Lima, Ohio 45801

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LYLE WILLIAMS,

Plaintiff,

vs.

OWNERS INSURANCE COMPANY, dba AUTO OWNERS INSURANCE COMPANY, dba
HOME-OWNERS INSURANCE COMPANY, dba OWNERS INSURANCE COMPANY, dba
PROPERTY-OWNERS INSURANCE COMPANY, dba SOUTHERN-OWNERS INSURANCE
COMPANY,

Defendant.

_____

**CERTIFICATE OF SERVICE**

_____

I hereby certify that on this 4th day of March, 2014, a true and correct copy of the foregoing

NOTICE OF REMOVAL TO FEDERAL COURT was served electronically through CM-ECF and

e-mailed on the following:

        Plaintiff and its attorneys of record:
        Jonathan D. Stine
        The Paul Wilkinson Law Firm, LLC
        3900 E. Mexico, Suite 500
        Denver, CO  80210


                                         S/    *Karen H, Wheeler*
                                              Karen H. Wheeler