| | |
|---|---|
| **BOULDER COUNTY DISTRICT COURT, COLORADO**<br>Boulder County Justice Center<br>1777 6th Street<br>Boulder, CO 80302<br>(303) 441-3750 | DATE FILED: February 11, 2015 11:19 AM<br>FILING ID: 6DCF98B84AB18<br>CASE NUMBER: 2015CV30146 |
| **Plaintiff:** LYLE WILLIAMS,<br><br>v.<br><br>**Defendants:** OWNERS INSURANCE COMPANY, dba Auto-Owners Insurance Company, dba Auto-Owners Life Insurance Company, dba Home-Owners Insurance Company, dba Owners Insurance Company, dba Property-Owners Insurance Company, dba Southern-Owners Insurance Company. | ▲ Court Use Only ▲ |
| *Attorney for Plaintiff:*<br>Jonathan D. Stine, (#38925)<br>**The Paul Wilkinson Law Firm, LLC**<br>3900 E. Mexico, Suite 500<br>Denver, Colorado 80210<br>Telephone: (303) 333-7285<br>Facsimile: (303) 756-1878 | Case No.<br><br>Div:        Ctrm:<br>This case is NOT subject to the simplified procedure for court actions under Rule 16.1 because:<br>☐ This is a class action, domestic relations, juvenile, mental health, probate, water law, forcible entry and detainer, Rule 106 and 120, or other similar expedited proceeding [see C.R.C.P. 16.1(b)(1)] *and/or*<br>☑ Claims against any party exceed $100,000.00 [see C.R.C.P. 16.1(b)(2) and (c) |

## COMPLAINT

COMES NOW Plaintiff, Lyle Williams, by and through his attorneys, The Paul Wilkinson Law Firm, LLC, and brings this Complaint against Defendant, 9Owners Insurance Company, dba Auto-Owners Insurance Company, dba Auto-Owners Life Insurance Company, dba Home-Owners Insurance Company, dba Owners Insurance Company, dba Property-Owners Insurance Company, dba Southern-Owners Insurance Company. As grounds therefore, Plaintiff states and alleges the following:

### INTRODUCTION

1. Plaintiff Lyle Williams (hereinafter "Plaintiff") seeks damages arising from the breach of contract, bad faith breach of contract, and violation of C.R.S. § 10-3-1116(1) by his own insurance company, Owners Insurance Company, dba Auto-Owners Insurance Company, dba Auto-Owners Life Insurance Company, dba Home-Owners Insurance Company, dba Owners Insurance Company, dba


EXHIBIT B

Property-Owners Insurance Company, dba Southern-Owners Insurance Company. (hereinafter "Defendant").

2. On February 4, 2011, Plaintiff was injured when Leonardo Molina negligently, carelessly, and/or recklessly operated his motor vehicle by following too closely, and thereby causing a collision with Plaintiff's vehicle.

3. The subject February 4, 2011 collision occurred in Adams County, Colorado.

4. As a result of the subject collision, Plaintiff suffered severe physical injuries, damages, and losses.

5. At the time of the collision, Plaintiff was insured pursuant to an uninsured/underinsured motorist (hereinafter "UM/UIM") policy underwritten by Defendant and maintained by Plaintiff.

6. At all times relevant, Plaintiff was insured by Defendant with respect to the 1994 Chevrolet S10 pickup which he was driving at the time and place of the subject collision pursuant to Policy No. 47-826-905-00 (hereinafter "Policy"), with UM/UIM limits of $250,000.00 per person.

7. At the time of the collision, Mr. Molina was driving with insurance limits that were insufficient to compensate Plaintiff for his injuries, damages, and losses.

## PERSONAL JURISDICTION

8. Pursuant to C.R.S. § 13-1-124(a) & (d) (West 2014), this Court has personal jurisdiction over the parties to this action as Defendant transacted business within the State of Colorado by contracting to insure Plaintiff, who is a resident of the State of Colorado.

## SUBJECT MATTER JURISDICTION

9. Pursuant to C.R.S.A. Const. Art. 6 § 9 (West 2014), this Court has subject matter over this action because it involves a civil matter (breach of contract), and the amount in controversy exceeds $15,000.

## VENUE

10. Pursuant to C.R.C.P. 98(c)(3)(B)(iii), venue is proper in Boulder County District Court because Defendant conducts business in Boulder County.

## GENERAL ALLEGATIONS

11. At the time that the Policy was entered into with Defendant, Plaintiff was a resident of the City of Westminster, County of Adams, and State of Colorado.

12. At the time of the subject February 4, 2011 collision, Plaintiff was a resident of the City of Westminster, County of Adams, and State of Colorado.

13. At all times relevant, Defendant was a foreign corporation, which has offices and conducts business in the State of Colorado.

14. At all times relevant, Defendant was an insurance company licensed to write automobile insurance in the State of Colorado.

15. Defendant's registered agent to accept service in Colorado is the Division of Insurance, 1560 Broadway, Denver, CO 80202.

16. On or about February 4, 2011, Plaintiff was the driver of a 1994 Chevrolet S10 pickup.

17. At that time and place, Plaintiff was stopped at the intersection near 72nd Avenue and Stuart Street.

18. At that time and place, Mr. Molina was the driver of a 1996 Chevrolet S10 pickup.

19. At that time and place, Mr. Molina was travelling westbound on 72nd Avenue, east of Stuart Street, in the right thru lane.

20. At that time and place, Mr. Molina's vehicle struck the rear of Plaintiff's stopped vehicle.

21. At that time and place, the force of the impact caused Plaintiff's vehicle to strike the vehicle that was stopped in front of him.

22. At that time and place, Mr. Molina was cited with following too closely, in violation of C.R.S. 42-4-1008.

23. At that time and place, Mr. Molina was negligent, careless, and/or reckless in operating his vehicle.

24. As a direct, foreseeable, and proximate result of Mr. Molina's negligent, careless, and/or reckless action, Plaintiff suffered property damage because his vehicle was damaged in the subject collision.

25. As a direct, foreseeable, and proximate result of Mr. Molina's negligent, careless, and/or reckless actions, Plaintiff suffered severe injuries, including, but not limited to, injuries to his head, back, and neck, as well as headaches.

26. As a direct, foreseeable, and proximate cause of Mr. Molina's negligent, careless, and/or reckless actions, Plaintiff sustained and will sustain pain, suffering, loss of enjoyment of life, and economic damages.

27. Plaintiff was not negligent with respect to the February 4, 2011 collision.

28. No third party caused or contributed to the cause of the February 4, 2011 collision, and/or Plaintiff's injuries, damages, and losses.

29. Plaintiff was wearing his seatbelt at the time of the February 4, 2011 collision.

30. Plaintiff did not fail to mitigate his damages.

31. Plaintiff has not been injured in an unrelated matter subsequent to the February 4, 2011 collision.

32. At the time of the subject collision, Plaintiff was covered by a UM/UIM insurance policy through Defendant, Policy No. 47-826-905-00.

33. At the time of the February 4, 2011 collision, all premiums due on the Policy had been paid.

34. Defendant has an obligation to provide coverage in accordance with the requirements of Colorado law.

35. Plaintiff is entitled to recover underinsured motorist benefits pursuant to C.R.S. § 10-4-609(1)(c) and the terms of the Policy.

36. With respect to the Policy, Colorado law provides that Defendant must provide UM/UIM coverage limits of $250,000.00 per person pursuant to the Policy.

37. Plaintiff has significant collision-related medical bills, injuries, damages, and losses.

38. Defendant is legally obligated to appropriately evaluate Plaintiff's UM/UIM motorist claims.

39. Defendant is legally obligated to evaluate Plaintiff's UM/UIM claim in a timely manner.

40. Defendant is legally obligated to pay all benefits for which Plaintiff is eligible.

41. Defendant has not appropriately evaluated and paid Plaintiff's UM/UIM claims.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract – Underinsured Motorist Coverage)

42. Plaintiff incorporates the above and below paragraphs herein by reference.

43. At the time of the collision, Plaintiff was insured by a contract of insurance with Defendant.

44. Specifically, at all times relevant, Plaintiff was insured by Defendant with respect to the 1994 Chevrolet S10 pickup he was driving at the time and place of the subject collision pursuant to Policy No. 47-826-905-00, with UM/UIM limits of $250,000.00 per person.

45. Pursuant to Colorado law, Plaintiff's insurance contract with Defendant provides that Defendant shall pay sums that an insured person is legally entitled to recover as damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by the insured person.

46. An uninsured/underinsured motor vehicle is a motor vehicle that carries no insurance or is insured by a bodily injury liability bond or policy at the time of the accident that provides coverage in amounts less than the limits of uninsured motorist coverage.

47. At the time of the collision, the at-fault driver, Mr. Molina, was an underinsured motorist within the definition above, lacking bodily injury or liability insurance sufficient to compensate Plaintiff for the injuries, damages, and losses that he suffered and will suffer as a result of the collision.

48. With respect to the subject February 4, 2011 collision, Plaintiff was contracted for insurance coverage with Defendant pursuant to Colorado law for $250,000.00 per person in UM/UIM coverage.

49. Accordingly, Plaintiff is entitled to receive the coverage from Defendant for which he is eligible with respect to the injuries, damages, and losses sustained in the February 4, 2011 collision.

50. Defendant owes Plaintiff a duty to pay necessary coverage for which Plaintiff is eligible, as Plaintiff is a first-party insured.

51. C.R.S. § 10-3-1104(1)(h) (West 2014) lists conduct that is deemed to be indicative of unreasonable conduct by a first-party insurer.

52. Under C.R.S. § 10-3-1104(1)(h) (West 2014), Defendant willfully acted unreasonably in the following ways:

    a. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    b. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    c. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    d. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

    e. Failing to adopt and implement reasonable standards for the prompt resolution of claims.

53. Defendant breached its contract with Plaintiff by failing to pay the benefits for which Plaintiff is eligible.

54. As a direct consequence of Defendant's breach of contractual duties to its insured, Plaintiff suffered injuries, damages, and losses for which Defendant is legally liable, including, but not limited to, additional litigation costs and emotional distress.

### SECOND CLAIM FOR RELIEF
**(Bad Faith Breach of Contract – Underinsured Motorist Coverage)**

55. Plaintiff incorporates the above and below paragraphs herein by reference.

56. At the time of the subject February 4, 2011 collision, Plaintiff was insured by a contract of insurance with Defendant under Policy No. 47-826-905-00, with UM/UIM limits of $250,000.00 per person.

57. Pursuant to Colorado law, Policy No. 47-826-905-00 provides for $250,000.00 in UM/UIM benefits per person for each collision.

58. Defendant is obligated to pay sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by the insured person.

59. An uninsured/underinsured motor vehicle is a motor vehicle that either carries no insurance or is insured by a bodily injury liability bond or policy at the time of the accident that provides coverage in amounts less than the limits of uninsured/underinsured motorist coverage.

60. At the time of each collision, the at-fault driver, Mr. Molina was an uninsured/underinsured motorist within the definition above, lacking bodily injury or liability insurance.

61. Plaintiff is eligible for UM/UIM motorist coverage in the amount of $250,000.00 per person for each collision.

62. Despite requests by Plaintiff's counsel, Defendant has failed to pay to Plaintiff the UM/UIM benefits to which he is entitled.

63. Defendant knew its failure to pay Plaintiff amounts to which he is entitled was unreasonable.

64. Defendant recklessly disregarded the fact that its failure to pay Plaintiff was unreasonable.

65. C.R.S. § 10-3-1104(1)(h) (West 2014) lists conduct that is deemed to be indicative of unreasonable conduct by a first-party insurer.

66. Under C.R.S. § 10-3-1104(1)(h) (West 2014), Defendant willfully acted unreasonably in the following ways:

    a. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    b. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    c. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    d. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

    e. Failing to adopt and implement reasonable standards for the prompt resolution of medical payment claims. Defendant has acted in bad faith and has breached its contract with Plaintiff and has engaged in a pattern and practice of failing to pay benefits for which Plaintiff is eligible.

67. Defendant has also acted in bad faith and has breached its contract with Plaintiff by attempting to render Plaintiff's contracted for UM/UIM insurance coverage superfluous.

68. As a direct consequence of Defendant's breach of duty to its insured, Plaintiff has suffered injuries, damages, and losses for which Defendant is legally liable, including, but not limited to, additional litigation costs and emotional distress.

## THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1116(1))

69. Plaintiff incorporates the above and below paragraphs herein by reference.

70. Defendant has continued to unreasonably deny Plaintiff's claims.

71. Defendant has continued to unreasonably delay payment of Plaintiff's claims.

72. Defendant's continued denial and/or delay of payment of benefits to Plaintiff under the insurance contract is contrary to Colorado law.

73. As set forth in C.R.S. § 10-3-1116(1) (West 2014), Plaintiff is entitled to recover reasonable attorney fees and two times the covered benefit (in addition to the benefit itself).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff and against Defendant, in an amount to fairly and reasonably compensate him for his injuries and damages resulting from this incident, including, but not limited to, litigation costs, emotional distress, statutory interest pursuant to Colorado law and for such other relief as this Court deems just and proper.

Respectfully submitted this 11th day of February, 2015.

THE PAUL WILKINSON LAW FIRM

*This pleading was filed electronically pursuant to Rule 121, § 1-26. The original signed pleading is in counsel's file.*

BY: s/ Jonathan D. Stine
Jonathan D. Stine, Esq.
*ATTORNEY FOR PLAINTIFF*

**Plaintiff's Address:**
3950 75th Ave.
Westminster, CO 80030